## LEGAL SECURITY LIFE INSURANCE COMPANY, Appellant,

v.

### Dallas HARRIS, Appellee.

### No. 7436.

Court of Civil Appeals of Texas.

Texarkana.

Aug. 21, 1962.

Rehearing Denied Sept. 18, 1962.

Douglas E. Bergman, John W. Hicks, Jr., Wilbur T. Knape, Dallas, for appellant.

LeRoy LaSalle, Crawford Parker, Jr., Carthage, for appellee.

CHADICK, Chief Justice.

This is an action to recover, under the terms of an insurance contract, certain hospitalization and surgical expense incurred by the insured. A judgment for $1812.65, which included an attorney fee and a statutory penalty, with interest from judgment date at 6% per annum, was awarded. The judgment of the trial court is affirmed.

The basic contention made by the appellant, Legal Security Life Insurance Company, is that its Policy No. H–8802 issued to Dallas Harris, the appellee, was void ab initio. The company founds its defense upon a policy provision that the insurance contract would "become effective only if the insured was alive and in good health" on the 8th day of September, 1958, the effective date of the policy, and asserts the evidence shows as a matter of law that the insured, Dallas Harris, was not in good health on that date. The trial jury returned a verdict that Dallas Harris was in good health and free from any physical or mental defect or abnormality September 8, 1958.

There is evidence to support the jury verdict. In May, 1957, Mr. Harris' toe was injured by a cow stepping on it. The injury caused swelling and a temporary obstruction of the blood supply, a vascular disorder local in nature, and is referred to in the testimony as "black toe". The toe was treated and the condition cleared up. At the time the policy was written in September of 1958, Mr. Harris was of the opinion and so testified that he had fully recovered from his black toe ailment and was in good health. His testimony as to good health is corroborated to some extent by his wife. In February, 1959, he consulted his local medical doctor about gas on his stomach and pain in his feet. The same year, 1959, he planted and harvested a truck crop. The labor and effort of such crop is inconsistent with a severe cardiovascular disorder. In December of that year, he again consulted his local physician because of cramping and pain in his feet and legs and was referred to a specialist at Houston. In Houston he was hospitalized toward the last of January, 1960. The Houston specialist diagnosed a cardiovascular disorder. A sympathectomy and a shunt (aorta bilateral femural popliteal dacron bypass) operation were performed as treatment of the disorder.

Mr. Harris' Local physician was of the opinion that Mr. Harris was afflicted with Buergers disease in December of 1959; this diagnosis was based on symptoms revealed by Mr. Harris' complaint. The physician made no tests to confirm his diagnosis; instead referred him to the Houston specialist, as mentioned. Buergers disease is not the disorder diagnosed by the Houston specialist and treated by the surgery that followed the hospitalization mentioned. Though the local physician's testimony may be construed as relating the "black toe" disorder of 1957, the complaints made by Mr. Harris in February of 1959, and the complaints made and symptoms observed in December the same year with a cardiovascular disorder originating before September 8th, 1958, the physician did not give an

opinion as to when the disorder began, saying it was impossible to accurately fix a time, nor would he say that it had not terminated following the treatment of the "black toe" episode.

The testimony as a whole raised an issue of fact regarding the time of inception of the cardiovascular disorder admittedly existing at some time after the effective date of the policy. The court properly submitted this issue to the jury for determination and there is evidence supporting the verdict. Vann v. National Life & Accident Insurance Co., Tex.Com.App., 24 S.W.2d 347; Sovereign Camp, W. O. W. v. Derrick, 64 S.W.2d 982, w. r.; Preferred Life Ins. Co. v. Dark, Tex.Civ.App., 307 S.W.2d 814, n. r. e.

The appellant's several points of error have been considered and none found to present reversible error. Each is overruled. The judgment of the trial court is affirmed.